# IN THE COURT OF APPEALS OF IOWA

No. 25-0253
Filed April 9, 2025

**IN THE INTEREST OF L.A.,**
**Minor Child,**

**K.O., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, Judge.

A mother appeals the juvenile court's order terminating her parental rights to her minor child. **AFFIRMED.**

Annette F. Martin, Cedar Rapids, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Robin L. O'Brien Licht, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated a mother's parental rights to her child, L.A., born in 2021.[1] The mother appeals.

We conduct de novo review of appeals challenging orders terminating a parent's parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). That review follows a three-step process to determine (1) whether a statutory ground for termination has been established; (2) whether termination is in the child's best interest; and (3) whether we should apply a permissive exception to forgo termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). The mother challenges each of these steps, so we address each in turn.

## I.    Statutory Ground

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(g) (2024), which permits termination upon clear and convincing proof of four elements: (1) the child has been adjudicated a child in need of assistance (CINA); (2) the court has terminated parental rights with respect to another child who is a member of the same family; (3) the parent continues to lack the ability or willingness to respond to services which would correct the situation; and (4) an additional period of rehabilitation would not correct the situation. The mother contests only the third and fourth elements.

The mother had three children before giving birth to L.A. The Iowa Department of Health and Human Services was involved with the mother and her older children beginning in 2006. Before L.A. was born, the mother had multiple

---

[1] The juvenile court terminated the parental rights of the child's father several months earlier. This appeal addresses the termination of the mother's rights only.

child-abuse assessments founded against her due to her methamphetamine use while caring for the children, domestic violence in the home, and unsanitary living conditions. This led to the juvenile court's termination of the mother's parental rights to the three older children just a few months before she gave birth to L.A. The mother used methamphetamine while pregnant with L.A., and the child tested positive for THC at birth, resulting in another founded child-abuse assessment against the mother and the opening of a CINA proceeding.

Throughout that CINA proceeding, the mother was warned that her involvement with the child's father was a barrier to reunification and closure of the CINA case because the father was not cooperating with services and was someone with whom the mother used illegal drugs. Over the course of that CINA case, the mother toggled between making improvements and having setbacks. The child had to be removed from the mother's custody several times, and a termination-of-parental-rights proceeding was started against her. But the mother regained her footing enough to have that termination proceeding dismissed and the child returned to her custody. In fact, she progressed to the point that the first CINA proceeding against her was dismissed in September 2024.

The success was short-lived. Almost immediately after the prior CINA proceeding was dismissed, the mother got back together with this child's father and began using methamphetamine. The child was removed again. Testing upon removal revealed the child was positive for methamphetamine—the second time the child had tested positive for that drug. A new CINA proceeding was started, followed shortly thereafter by these termination-of-parental-rights proceedings.

As noted, the juvenile court terminated the mother's rights under section 232.116(1)(g), and the mother challenges only the third and fourth elements. She points to her participation in services and the recent progress she has made in substance-use treatment. But it is not just participation in services that matters. The code requires a *response* to services. *See* Iowa Code § 232.116(1)(g)(3). It is the mother's failure to successfully respond to services that is the problem. After our de novo review, we agree with this assessment by the juvenile court:

> [The department worker] testified that the situation as of the date of trial is exactly as it was at the onset of the first CINA case involving [this child], and the case before that [involved three] of [the mother's] older children. While [the mother] has cooperated and engaged in services, she has not been able to demonstrate that she is capable of utilizing those services and skills to make sustained changes in order to provide a stable and sober life for [this child]. She has received services for five of the past five and one-half years and is no closer today to being able to have [the child] returned to her care then when her older children were removed from her in 2019.
> . . . Further, clear and convincing evidence shows that [the mother] is unable or unwilling to respond to services to correct the situation that resulted in the prior terminations and continues to make it impossible to return [this child] safely to her care. After over five years of services, clear and convincing evidence also shows that an additional period of time would not correct the situation.

We find that the State proved all four elements for termination under section 232.116(1)(g).

## II.    Best Interests

The mother also challenges the juvenile court's finding that terminating her parental rights is in the child's best interests. Our best-interests analysis is governed by section 232.116(2). *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). "The primary considerations are 'the child's safety,' 'the best placement for furthering

the long-term nurturing and growth of the child,' and 'the physical, mental, and emotional condition and needs of the child.'" *Id.* (quoting Iowa Code section 232.116(2)).

The mother points out that the child "lights up" when she sees the mother, which she argues shows a strong bond between them. She contends that severing that bond is not in the child's best interests.

We agree with the juvenile court's factual finding that there is a strong bond between the child and the mother. And we can consider that bond in deciding whether termination is in the child's best interests. *In re L.A.*, No. 24-2086, 2025 WL 855764, at *3 (Iowa Ct. App. Mar. 19, 2025) (en banc). But we are mindful of the fact that the child has suffered negative health effects from the dysfunction forced upon her by her mother's actions. Those negative health effects included patches of the child's hair falling out during the time between the closure of the prior CINA case and the child's removal after the mother rekindled her relationship with the child's drug-using father. The child's doctor attributed the hair loss to the stress the child was suffering.

As to the mother's best-interests challenge, we agree with this assessment by the juvenile court:

> It is in [the child's] best interest for the parental rights of her mother to be terminated. [The mother] has participated in services for over five years without any sustained changes. She continues to claim that "this time" things will be different. Unfortunately, [the child] should not have to bet her future on [the mother] actually meaning what she says "this time." [The mother] has told the court and providers the same thing on multiple occasions during the past five years, only to end up back in the same situation. [The child] needs and deserves permanency. She recently demonstrate[d] clearly that her health and well-being are suffering by being caught in the constant ebb and flow of her mother's sobriety. [The mother] has

demonstrated that she will consistently put the interests in her adult relationships above the best interest of her children. These adult relationships with inappropriate individuals inevitably leads to the loss of her sobriety as well.

We echo these findings and conclusions and find that terminating the mother's parental rights is in the child's best interests.

## III.    Permissive Exception

Iowa Code section 232.116(3) provides several exceptions to termination. The exceptions are permissive, not mandatory, and the parent resisting termination bears the burden to prove applicability of an exception. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). Here, the mother relies on the exception found in section 232.116(3)(c), which permits forgoing termination upon "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The mother's argument in support of applying this permissive exception is identical to the argument made in support of her best-interests challenge, as she blended the arguments. For the same reasons we rejected her best-interests challenge, we also reject her request to apply this permissive exception. Not only did the mother fail to meet her burden to present clear and convincing evidence that termination would be detrimental to the child, the evidence establishes the opposite. The dysfunction brought to the child's life by the mother has resulted in so much stress to the child that the child's hair is falling out. The child deserves better. The juvenile court summed it up nicely:

> The court acknowledges that there is a strong bond between [the mother] and [the child]. This bond was the primary reason for the length of time services were provided to [the mother] in the prior case. [The child's] permanency was delayed in order to make every

attempt to preserve this bond but, at this point, any detriment in the severing of this bond by termination of parental rights is far outweighed by [the child's] need for permanency in a stable, substance-free environment.

We agree with the juvenile court's assessment, and we decline to apply the permissive exception claimed by the mother to avoid termination.

**IV.     Conclusion**

The State established a statutory ground for termination and that terminating the mother's parental rights is in the child's best interests.  The mother failed to meet her burden to prove applicability of a permissive exception to termination based on the closeness of her relationship with the child.  We therefore affirm the juvenile court's decision to terminate the mother's parental rights.

**AFFIRMED.**